UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WILLIAM G. CARTER,           )
                             )
         Petitioner,         )
                             )
    v.                       )    No.  4:04CV624 FRB
                             )
ALAN BLAKE,                  )
                             )
         Respondent.         )

**MEMORANDUM AND ORDER**

This cause is before the Court on petitioner William G. Carter's Amended Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2254. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I.  Procedural History**

On January 21, 2002, in the Circuit Court of Adair County, Missouri, petitioner entered a plea of not guilty by reason of mental disease or defect excluding responsibility, to the charges of Forcible Sodomy, Kidnapping, Burglary First Degree, Felonious Restraint, and Deviate Sexual Assault. State v. Carter, 161 S.W.3d 437 (Mo. Ct. App. 2005) (per curiam); State v. Carter, 125 S.W.3d 377, 378 (Mo. Ct. App. 2004). Accordingly, pursuant to Mo. Rev. Stat. § 552.040, petitioner was ordered committed to the custody of the Missouri Department of Mental Health (DMH). Carter,

161 S.W.3d at 437; Resp. Exh. A at 15.[1]  Thereafter, on February 13, 2002, petitioner filed an Application for Conditional Release pursuant to § 552.040.10.  (Resp. Exh. A at 16.)  A hearing was held on this application on August 27, 2002, after which, on September 30, 2002, the Circuit Court of Adair County entered an Order and Judgment denying petitioner relief.  (<u>Id.</u> at 22-24.)[2]  This determination was affirmed by the Missouri Court of Appeals on January 27, 2004.  <u>State v. Carter</u>, 125 S.W.3d 377 (Mo. Ct. App. 2004).

In the meanwhile, on March 26, 2002, DMH informed the circuit court that petitioner's filing of an Application for Conditional Release triggered mandatory review of petitioner's eligibility for involuntary civil commitment under Missouri's Sexually Violent Predators Act (SVPA), Mo. Rev. Stat. §§ 632.480, <u>et</u> <u>seq.</u>  (Resp. Exh. A at 19.)  On July 29, 2002, DMH further informed the circuit court that petitioner's case under the SVPA had been referred to the Missouri Attorney General's Office for further proceedings.  (<u>Id.</u> at 21.)  On August 8, 2003, a jury unanimously found petitioner to be a sexually violent predator under the SVPA.  (Resp. Exh. H.)  Pursuant to the Judgment and Commitment Order entered by the court that same date, petitioner

---

[1] References to respondent's exhibits are made to those filed August 17, 2004.

[2] A review of the Order and Judgment shows it to have been signed by the court on September 30, 2002, but not filed with the clerk of the court until October 4, 2002.

was committed to the custody of DMH, with instruction that petitioner be housed at the Missouri Sex Offender Treatment Center in Farmington, Missouri (id.), where he is currently located. The circuit court's Judgment and Commitment Order entered on the jury's verdict was affirmed by the Missouri Court of Appeals on November 2, 2004. In re Care & Treatment of Carter, 147 S.W.3d 872 (Mo. Ct. App. 2004).

## II. The Instant Petition

Petitioner initiated this action on May 20, 2004, by submitting, pro se, a petition for writ of habeas corpus under 28 U.S.C. § 2254 wherein he challenged the denial of his request for conditional release under Chapter 552 of the Missouri Revised Statutes, and requested that he be placed in a less restrictive setting, and specifically, that he be housed at a Residential Care Facility in Kirksville, Missouri. Petitioner was granted leave to proceed in forma pauperis in the cause on June 30, 2004, and respondent was ordered to answer the claims raised in the petition. Subsequent to the filing of respondent's answer on August 16, 2004, petitioner submitted to this Court multiple filings[3] which, upon their review, rendered the record unclear as to the specific nature of petitioner's claims, whether the claims were properly brought before the Court, and/or whether petitioner had available to him

---

[3] The Court detailed the number and nature of these filings in an Order entered August 1, 2005 (Docket No. 90), and will not detail them again here.

adequate state remedies by which to pursue his claims. (See Order filed Aug. 1, 2005/Docket No. 90.) The Court therefore determined to appoint counsel for petitioner in these proceedings and ordered that an amended petition for writ of habeas corpus be filed setting out all claims upon which the petitioner intended to proceed. (Id.) With the assistance of appointed counsel, petitioner filed the instant Amended Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2254 on September 1, 2005 (Docket No. 94).

In the Amended Petition, petitioner challenges only the circuit court's Order and Judgment entered September 30, 2002, denying petitioner's § 552.040.10 Application for Conditional Release, arguing that the evidence presented to the court was insufficient to support the court's findings that petitioner was dangerous and continued to suffer from a mental disease or defect.[4] In response to the Amended Petition, respondent addresses the merits of petitioner's claim, but also argues that petitioner's challenge to the circuit court's determination on his § 552.040.10 application is moot inasmuch as petitioner's civil commitment would remain unaffected by the result of the instant litigation given petitioner's commitment as a sexually violent predator under §§ 632.480, et seq. Petitioner, through counsel, filed a brief in reply to respondent's answer, but did not address respondent's claim that the instant case is moot.

---

[4]Petitioner raises no challenges to his subsequent adjudication as a sexually violent predator in this cause of action.

## III. Mootness

"It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). For that reason, when an event occurs making a court's decision on an issue unnecessary, or makes the granting of effectual relief impossible, the issue is moot and should not be addressed. Id.; In re Care & Treatment of Schottel v. State, 121 S.W.3d 337, 339 (Mo. Ct. App. 2003).

> The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, . . . an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.

Mills, at 159 U.S. at 653.

Such is the case here.

In the instant cause, petitioner challenges only the circuit court's findings made in September 2002 that petitioner was

dangerous and continued to suffer from a mental disease or defect and therefore was not eligible for release under Mo. Rev. Stat. § 552.040. Subsequent to this determination, however, petitioner was found by a jury to be a sexually violent predator under § 632.495, which required that jury to unanimously find beyond a reasonable doubt that petitioner suffered

> from a mental abnormality which makes [him] more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and who [h]as pled guilty or been found guilty, or been found not guilty by reason of mental disease or defect pursuant to section 552.030, RSMo, of a sexually violent offense[.]

Mo. Rev. Stat. § 632.480(5)(a); Smith v. State, 148 S.W.3d 330, 335 (Mo. Ct. App. 2004) (burden of proof).

Petitioner remains civilly committed under the SPVA until such time as it is found that his mental abnormality has so changed that he is safe to be at large. Mo. Rev. Stat. § 632.495.2.[5] This finding can be made only after a trial before the court or a jury. Mo. Rev. Stat. § 632.498. Accordingly, if this Court were to grant petitioner relief on the instant petition challenging the circuit court's September 2002 ruling on his § 552.040 application, he

---

[5]Each person committed as a sexually violent predator is subject to a yearly examination of their mental condition, with the report of such examination to be provided to the committing court after which the court is to review the status of the committed person. Mo. Rev. Stat. § 632.498.1. Nothing prevents the person from otherwise petitioning the court for release. Mo. Rev. Stat. § 632.498.2.

would remain civilly committed under the Judgment and Commitment Order of August 8, 2003, committing him as a sexually violent predator. E.g., In re Care & Treatment of Lieurance, 130 S.W.3d 693, 697 (Mo. Ct. App. 2004).

In light of the above, it is impossible for this Court, if it should decide this case in favor of the petitioner, to grant him any effectual relief whatever. Therefore, the matter at issue raised in the instant case is moot and the case should be dismissed. Church of Scientology, 506 U.S. at 12; Mills, 159 U.S. at 653; In re Care & Treatment of Schottel, 121 S.W.3d at 339.

Accordingly,

**IT IS HEREBY ORDERED** that the petitioner William G. Carter's Amended Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2254 is dismissed with prejudice as moot.

**IT IS FURTHER ORDERED** that petitioner's pro se Motion for an Evidentiary Hearing (Docket No. 101) and Motion to Recuse Per 28 U.S.C. § 455 (Docket No. 102) are denied as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

/s/ Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this  7th  day of March, 2007.